UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NETIQ CORPORATION, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-2140 |
| | § | |
| | § | |
| JAMES WELLS, | § | |
| | § | |
| *Defendant.* | § | |

## Temporary Restraining Order

Pending before the court is plaintiff NetIQ Corporation's application for temporary restraining order and preliminary injunction. Dkt. 1. After considering the motion, attachments, and applicable law, the court is of the opinion that the motion should be GRANTED.

## I. BACKGROUND

This case relates to a non-compete agreement. Defendant James Wells began working for Plaintiff NetIQ Corporation ("NetIQ"), a global enterprise software company, as a sales engineer in July of 2010. Dkt. 1 & Ex. A. Wells and NetIQ entered into an Employment, Confidential Information, Covenant Not to Compete, and Invention Assignment Agreement (the "Employment Agreement"). Dkt. 1, Ex. A. The Employment Agreement is governed by Texas law and requires binding arbitration of all disputes. *Id.* The Employment Agreement prohibits Wells from competing with NetIQ in the marketing of computer software for a period of nine months. *Id.* Under the Employment Agreement, Wells agreed that disclosure of confidential information via employment by a competitor would be inevitable, would cause irreparable injury to NetIQ, and that employment by a competitor would warrant issuance of an injunction to protect NetIQ's interest. *Id.* On July 12,

2013, Wells gave notice at NetIQ and advised that he intended to accept employment with Aveska, Inc., a direct competitor of NetIQ's.  Dkt. 1 & Ex. B.  According to NetIQ, Wells advised his manager at NetIQ that he would be required to be at a sales meeting at Aveska to discuss company strategy and ongoing sales efforts early in the week of July 22, 2013.  Dkt. 1.

NetIQ filed a complaint and emergency motion for issuance of a temporary restraining order in the evening of July 19, 2013.  Dkt. 1.  NetIQ plans to initiate an arbitration pursuant to the arbitration clause in the Employment Agreement, but it seeks through this action to preserve the status quo by obtaining an injunction prohibiting Wells from violating the Employment Agreement by taking the position with Aveska.

## II. Legal Standard

A party seeking a temporary restraining order or other injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure has the burden to demonstrate each of four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any prejudice the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest.  *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252–53 (5th Cir.2009); *Affiliated Prof' l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir.1999).  Injunctive relief, particularly at the preliminary stages of litigation, is an extraordinary remedy that requires an unequivocal showing of the need for the relief to issue.  *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir.1997).  Thus, injunctive relief should only be granted where the movant has "clearly carried the burden of persuasion."  *Bluefield Water Ass'n*, 577 F.3d at 252–53; *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir.2009).

### III. ANALYSIS

The court finds that NetIQ has met its burden with regard to the issuance of a temporary restraining order.  The Employment Agreement clearly prohibits Wells from competing with NetIQ in the marketing of computer software for a period of nine months after the termination of the Employment Agreement. Dkt. 1, Ex. A.  Aveska is a competitor of NetIQ's. Dkt. 1 & Ex. B.  Wells acknowledged in the Employment Agreement that disclosure of confidential information via employment by a competitor would be inevitable, would cause irreparable injury to NetIQ, and that employment by a competitor would warrant issuance of an injunction to protect NetIQ's interest. Dkt. 1, Ex. A.  The court therefore finds that there is a substantial likelihood of success on the merits and that failure to issue the temporary restraining order before Wells begins his employment with Aveska would cause irreparable harm to NetIQ.  Additionally, the threatened injury to Wells of entering this temporary restraining order should cause only slight prejudice to Wells, as the court intends to set this matter for a preliminary injunction hearing within one week.  Finally, there is no indication that the issuance of a temporary restraining order will disserve public interest.  Thus, because NetIQ has carried its burden, the court GRANTS NetIQ's motion for a temporary restraining order.

### IV. TEMPORARY RESTRAINING ORDER

Accordingly, the defendant James Wells is hereby **RESTRAINED** and **ENJOINED** until such time as a preliminary injunction proceeding may be held from:

1.      Working for Aveksa, Inc. as an employee, contractor or otherwise in any capacity;

2.      Contracting, soliciting, inducing or encouraging any customer that Wells had contact with during his employment with NetIQ to purchase products or services that compete with those

products or services offered by the NetIQ or to discourage such customer from continuing business with plaintiff;

3.      Retaining any records or documents from NetIQ in whatever form and whether confidential or non-confidential;

4.      Using or disclosing any proprietary information belonging to NetIQ including source code, designs, drawings, specifications, inventions, formulas, customer lists, customer data, sales data, pricing data, spend history or any part of NetIQ's customer database, it's road maps or other presentations concerning long time sales, and its software suit supplied to defendant; and

5.      Destroying, altering or concealing any documents, records or electronic data related to any trade secret, proprietary information, transaction, communication, contact or other dealings with NetIQ or defendants activities in connection with Aveksa including, but not limited to, emails, text messages, paper documents, computer files, computer hard drivers, removable computer electronic storage devices, back up tapes, zip drives, disks, CDs, DVDs, floppy disks and thumb drives.

It is further **ORDERED** that this Temporary Restraining Order will not be effective unless and until NetIQ executes and files with the court a bond in conformity with the law, or a cash deposit in lieu thereof, in the amount of $5000.00.

It is further **ORDERED** that NetIQ shall serve Wells with its application for temporary restraining order and preliminary injunction in aid of arbitration (Dkt.1) and this Temporary Restraining Order consistent with the Federal Rules of Civil Procedure, and to file proof of this service in the record no later than July 23, 2013.

-4-

It is further **ORDERED** that NetIQ and Wells shall appear in courtroom 9D at 515 Rusk, Houston, Texas on July 25, 2013 at 2:30 p.m. for a preliminary injunction hearing.


Signed at Houston, Texas on July 20, 2013 at 8:23 a.m.

_____
Gray H. Miller
United States District Judge